## A. H. MONTGOMERY v. THE STATE.

### No. 2861. Decided December 9, 1903.

**1.—Practice—Admission of Testimony of Defendant—Prejudice.**

Where the State was permitted, on cross-examination, to ask appellant, who testified in his own behalf, "Did you not know that it was a violation of law to fire off your pistol in a public road on the night of the homicide, at the time you fired it, and just before J. H. attempted to arrest you?" and the objection was raised that this question was calculated to elicit a conclusion of law and not of fact, and the witness answered, "I did not think it wrong to fire off my pistol at night after the meeting was over and there was no one to be disturbed." Held, the opinion of the witness that it was not wrong to fire off the pistol, etc., was not calculated to prejudice him, it appearing that appellant was carrying his pistol in violation of law, of which fact he is presumed to have had knowledge; much more that he was not authorized to fire such weapon, so carried, on a public road.

**2.—Same—Evidence.**

See opinion for evidence admitted which, even conceding it error, was not calculated to injure appellant.

**3.—Charge of Court—Manslaughter—Resistance to Illegal Arrest—"Force."**

Where appellant insisted that the attempt to arrest him was illegal, and the court charged the jury upon illegal arrest and appellant's right to resist same, no authority is known requiring the court to define "force"; Held, it is sufficient for the court to instruct the jury that appellant was authorized to use all force reasonably necessary to protect himself from such illegal arrest as, from his standpoint, appeared necessary, leaving the fact to be determined by the jury from all the circumstances of the case.

**4.—Same—Retreat.**

Where the court instructed the jury in its charge that "appellant could resist and overcome force with force that was being used on him," Held the same was tantamount to telling the jury that appellant was not bound to retreat before using that force he was entitled, under the circumstances, to use.

Appeal from the District Court of Brazos, on a change of venue from Grimes County. Tried below before Hon. J. C. Scott.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

Appellant was indicted in the District Court of Grimes County for the murder of one Joe Hall, committed on the 15th day of April, 1898, by shooting him with a pistol.

This is a second appeal in this case, the former appeal from Grimes County having been reversed and remanded by the Court of Criminal Appeals. On the 25th day of June, 1903, in the District Court of Grimes County, the venue was changed by the district judge, of his own motion, for reasons stated, to Brazos County. Upon his trial in Brazos County, on September 28, 1903, appellant was again convicted of manslaughter and his punishment assessed at two years confinement in the penitentiary. From which said last judgment and sentence he has prosecuted this appeal.

The facts attendant on the killing will be found fully stated in the opinion on the former appeal of this case, Montgomery v. State, 43 Texas Crim. Rep., 304, and are therefore not reproduced here.

Appellant's motion for a rehearing was overruled without a written opinion.—Reporter.

*Doremus & Butler, M. J. R. Jackson, D. M. Doyle,* and *W. W. Meachum,* for appellant, filed an able and interesting brief in the case.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of manslaughter, and his punishment assessed at confinement in the penitentiary for a term of two years; hence this appeal.

While appellant was on the stand as a witness in his own behalf, the State, on cross-examination, asked him, "Did you not know that it was a violation of law to fire off your pistol in a public road on the night of the homicide at the time you fired it in the air just before Joe Hall attempted to arrest you?" This was objected to because the question was calculated to elicit a conclusion of law, instead of the facts connected with the firing of the pistol. The witness answered as follows: "I did not think it was wrong to fire off my pistol at night after the meeting was over, and there was no one to be disturbed." It does not occur to us that the opinion contained in the answer of the witness that he did not think it was wrong to fire off the pistol, etc., was calculated to prejudice him. Morever, we do not understand this character of testimony to be objected to because it was in itself illegal, but simply because the question would tend to elicit appellant's opinion on a matter of law. So far as appears appellant was carrying his pistol in violation of law, and he is to be presumed to have had a knowledge of that; much more that he was not authorized to be firing a weapon on a public road that he was not authorized to carry. There was no error in the admission of this testimony.

If it was admissible as a part of appellant's defense to show a lawless state of society over at Bedias, where the homicide occurred, in order to justify his going armed and to apprehend danger when deceased undertook to arrest him, then the State had the right to cross examine

the witness as to the particular character of lawlessness in that community, and if appellant proved by the witness, as a circumstance showing the lawless condition of society there, that his brother had been shot, the State was authorized on the cross-examination of this witness to show the circumstances under which the shooting occurred; that is, that it occurred in the daytime, and not under conditions similar to those surrounding appellant at the time this homicide was committed. But concede that this character of testimony was error, it was not calculated to injure appellant.

Appellant objected to the court's charge in which he, in effect, instructed the jury that the arrest of appellant by deceased, or his attempted arrest was illegal; that appellant had a right to resist the same, and to use all force reasonably necessary from his standpoint to resist the arrest or attempted arrest, or to release himself therefrom, and that if he used no more force than was reasonably necessary to prevent the arrest or to release himself from such illegal arrest, he would be justified in slaying deceased; but if he used more force than was reasonably necessary from his standpoint in resisting the attempted arrest, or in releasing himself from an arrest, and his mind became excited by such arrest or attempted arrest, and he was rendered incapable of cool reflection on that account, and under such circumstances he slew deceased, he would be guilty of manslaughter. The objection to the court's charge on this subject, both in the charge on manslaughter and in the charge of self-defense is, that the court failed to define force or the nature and character of the force which appellant could use. And in this connection appellant requested a charge on this subject which he claims would have cured the defect. We have examined the requested charge, and it does not occur to us that it attempts to give or does give any better denition of force than the court employed. We know of no authority requiring the court under such circumstances to give a definition of force, it being considered sufficient for the court to instruct the jury as to this matter that appellant was authorized to use all force reasonably necessary to protect himself from an illegal arrest or to release himself from such illegal arrest, as from his standpoint he believed necessary, leaving the question of fact to be determined by the jury, which they are to decide from all the circumstances surrounding the parties at the time.

Appellant contends that the court erred in failing to charge on the doctrine of retreat; that is, that applicant was not bound to retreat in order to avoid the necessity of killing his assailant. We understand it is well settled that in every case where the facts involve the question of retreat, it is the duty of the court to instruct the jury on this subject. For authorities, see White's Ann. Penal Code, sec. 1168. However, it is held, where the facts and issues made do not require such a charge, it is not error for the court to fail to instruct the jury, under article 678, Penal

Code.  Hunt v. State, 33 Texas Crim. Rep., 252; Smith v. State, 33 Texas Crim. Rep., 513.  In this case we have examined the record carefully.  The facts show substantially that appellant and two companions were returning in the nighttime from a debating society at Bedias schoolhouse, to their home, and about 200 yards from the schoolhouse appellant pulled his pistol and fired it.  Deceased, who was the constable of that precinct, heard the firing and followed the parties. He came up with them, put his hand on appellant, and told him he arrested him.  The parties were strangers to each other, appellant not knowing the official capacity of deceased; and deceased not announcing his official capacity or producing any writ.  Appellant told him to turn him loose.  He immediately drew his pistol and commenced firing at him.  He shot at him three or four times, one of which took effect, mortally wounding deceased.  The court instructed the jury, as has been before seen, that the arrest was illegal and appellant had a right to resist it; and further instructed them that he had a right to use all force necessary to overcome resistance in order to prevent the attempted arrest, or in order to release himself from the illegal arrest; and that appellant could only be convicted of manslaughter in case he used more force than, from his standpoint, was reasonably necessary to prevent the arrest or release himself from the arrest.  It occurs to us, that this presented the issue to the jury in as favorable light for defendant as he could ask.  There was no suggestion in the charge that appellant was required to resort to any other means in order to avoid slaying his adversary; but the charge pointedly authorized him to stand on his right to resist the arrest, or to release himself from the arrest, and to use whatever force, which, from his standpoint, was reasonably necessary in order to prevent the arrest or to accomplish his release.  If the court had given a general charge on self-defense, or had, in any manner suggested in the charge given that resort must be had to other means before the killing, then the charge that he is not bound to retreat would have become necessary; or if there was any peculiar condition in the facts that appellant might have avoided the difficulty by retreating, such a charge would have been necessary.  But here, the court directly instructed the jury that appellant was unlawfully assailed, and that he then and there was authorized to use any force that was necessary to overcome his adversary, and free himself from the attempted arrest or arrest as the case might be; and, as we view the question, this charge adequately presented the issue in the case; and it did not become necessary for the court to instruct the jury that appellant was not bound to retreat; because, in our opinion, the charge of the court told the jury appellant could resist and overcome force with force that was being used on him, was tantamount to telling the jury that appellant was not bound to retreat or to resort to any other means before he was authorized to use force, which the court told the jury he could use under the circumstances.  In our view of the case, there was no error in the failure

of the court to give a charge on the doctrine of retreat under article 678, Penal Code.

There being no error in the record, the judgment is affirmed.

*Affirmed.*

Davidson, Presiding Judge, dissents.

[January 20, 1904, appellant's motion for rehearing overruled. No written opinion.]